IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ASCENSION DIAZ, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-09-CV-623-XR |
| § | |
| BRAD LIVINGSTON, Executive Director, § | |
| Texas Department of Criminal Justice, § | |
| SUSAN D. REED, Bexar County District § | |
| Attorney, and HONORABLE SID HARLE, § | |
| Judge, 226th Judicial District Court, § | |
| § | |
| *Defendants*. § | |

**ORDER**

On this date the Court considered the Memorandum and Recommendation of the United States Magistrate Judge (Docket Entry No. 3) and Plaintiff's objections thereto. Upon Plaintiff's institution of this lawsuit, the Court referred the case to the Magistrate Judge for initial consideration and for a ruling on Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The Magistrate Judge then recommended that the Court dismiss without prejudice Plaintiff's claims for declaratory and injunctive relief and dismiss with prejudice Plaintiff's claims for damages. Having carefully considered the recommendation of the Magistrate Judge and Plaintiff's objections thereto, the Court accepts the Magistrate Judge's recommendation and DISMISSES this case. Plaintiff's pending motion for appointment of counsel (Docket Entry No. 8) is DENIED.

**Background**

Petitioner Ascension Diaz, an inmate in the custody of the Texas Department of Criminal Justice (TDCJ), claims that he is being incarcerated beyond his mandatory supervision release date and filed suit pursuant to 42 U.S.C. § 1983. Diaz alleges that Defendants Brad Livingston,

Executive Director of the Texas Department of Criminal Justice, Susan Reed, District Attorney of Bexar County, Texas, and Judge Sid Harle, 266th Judicial District Court, Bexar County, Texas, used another person's crimes to deny him release on mandatory supervision. Specifically, he states that a 1980 robbery conviction in Ector County, Texas, was erroneously attributed to him that denied him the ability to accrue good conduct time towards his sentence. Diaz alleges that there is a difference between the amount of good behavior credit he should receive for educational programs completed under different state statutes in effect when the offenses were committed.

Diaz contends that on March 26, 2007, TDCJ admitted that the other individual's conviction was used in error. Diaz sought redress from the Texas Court of Criminal Appeals—which denied his application for a writ of habeas corpus—and via an informal resolution process. He states that in September 2008, TDCJ retaliated by forfeiting all of Diaz's credits and changing the calculation of Diaz's credits, which would result in a credit of 900 days. Diaz seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

**Standard of Review**

In reviewing the Magistrate Judge's recommendation, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which Plaintiff has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law. *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989).

**Analysis of the Petitioner's Objections**

On September 3, 2009, Diaz filed objections to the Magistrate Judge's Memorandum and Recommendation. In Diaz's first objection, he states that he "is aware that two of the Defendants are immune from persecution [sic] for actions [that] occurred in their execution of their office" and that the third defendant could not make a "fabricated evidence/finding of fact" without the district attorney or the trial judge. (Pl.'s Objections to Mem. & Recommendation (Sept. 3, 2009) [Docket Entry No. 9].) ("Objections"). Plaintiff also acknowledged that *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), prevents a plaintiff from recovery of damages for an allegedly unconstitutional conviction or imprisonment unless the plaintiff can prove that the conviction has been reversed or set aside. (*Id.*) Plaintiff, however, claims that he did this via his state habeas petition. (*Id.*)

In *Heck v. Humphrey*, the United States Supreme Court declared:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* Here, the record indicates that the Texas Court of Criminal Appeals denied both of Diaz's state habeas petitions. *See Ex parte Diaz*, No. WR-65, 902-01 (Tex. Crim. App. Dec. 20, 2006); *Ex parte Diaz*, No. WR-65, 902-02 (Tex. Crim. App. Jan. 9, 2008). This is a prerequisite to Diaz's recovery under Section 1983. Because Diaz's conviction or sentence has not been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus, he cannot recover under section 1983. As a result, the Court accepts the magistrate judge's memorandum and recommendation on this matter.

In *Imbler v. Pacthman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the United States Supreme Court held that "[i]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* Likewise, the presiding judge cannot be held liable for damages arising out of acts to fulfill his or her judicial duties. *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)."). While Diaz may disagree with the issues presented by the District Attorney or presiding judge, these defendants are immune from liability.

Diaz bases his subsequent objection on the argument that the magistrate judge's memorandum and recommendation "failed to address . . . that Defendant TDCJ . . . had also changed the [calculation of his good-time credit based on different statutory schemes." (Objections.) A review of the Magistrate Judge's memorandum, however, indicates that the Magistrate Judge did address Plaintiff's claim. The memorandum and recommendation states: "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from imprisonment, his sole remedy is a writ of habeas corpus." (Mem. & Recommendation 5 (Aug. 19, 2009) [Docket Entry No. 3].) In *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) the Supreme Court noted that state prisoners must use habeas corpus or other state remedies when they seek to invalidate the duration of their confinement. *Id.* at 81. Here, Diaz is attempting to invalidate the full duration of his confinement, resulting in a speedier release from imprisonment. As a result, his current cause of action pursuant to 42 U.S.C. § 1983 is improper.

4

### Plaintiff's Motion for Appointment of Counsel

On the same date that Diaz filed his objections to the magistrate judge's memorandum and recommendation, he filed a motion to appoint counsel. (*See* Pl's Mot. for Appointment of Counsel (Sept. 3, 2009) [Docket Entry No. 8].)

A district court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 unless the case presents exceptional circumstances. *Id.* at 266. The court has the discretion to appoint counsel if doing so would advance the proper administration of justice. 28 U.S.C. § 1915(d); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir.1982). The Court considers a number of factors in determining whether to appoint counsel, including

> (1) the type and complexity of the case; (2) whether the indigent was capable of adequately presenting his case; (3) whether the indigent was in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination."

*Id.* (citations omitted).

Plaintiff filed his motion for appointment of counsel after he had pursued his claims through the judicial process. Arguably, given the Court's disposition of this matter, Plaintiff's motion is moot. The Court finds, however, that Plaintiff's complaint is not particularly complex, and Plaintiff has proven capable of self-representation. As a result, Plaintiff's motion for appointment of counsel is DENIED.

**Conclusion**

Having considered the Magistrate Judge's Memorandum and Recommendation and Plaintiff's Objections, the Court hereby ACCEPTS the Memorandum and Recommendation. Plaintiff's Motion for Appointment of Counsel is hereby DENIED. The Clerk is instructed to enter Final Judgment on behalf of Respondent.

It is so ORDERED.

SIGNED this 23rd day of September, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE